U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2019 APR 23  PM 3: 50

CLERK

BY _____
DEPUTY CLERK

State Farm Fire & Casualty Company,  )
    Plaintiff,                                            )
                                                            )
    v.                                                    )  Case No.:
                                                            )  2:19-CV-62
Jeffrey W. Michaud, and                            )
Richard Getz                                          )
    Defendants                                       )

## PETITION FOR DECLARATORY JUDGMENT

State Farm Fire & Casualty Company ("State Farm" herein) moves for a declaration by the Court in regard to an insurance policy issued by State Farm to Jeffrey Michaud ("Michaud" herein), and in regard to the claims by Richard Getz ("Getz" herein) against Michaud in the lawsuit captioned *Richard Getz v. Jeffrey W. Michaud d/b/a Doverhof Inn* ("the *Getz v. Michaud* lawsuit"), as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory relief, filed pursuant to 28 U.S.C. § 2201, in which State Farm seeks adjudications by the Court in regard to an insurance policy (the "Policy" herein) issued to Michaud. As stated hereinafter, State Farm seeks a declaration that it is not obligated to defend or indemnify Michaud in connection with the *Getz v. Michaud* lawsuit, which is now pending. State Farm also seeks a declaration that it has no obligation to Getz in connection with the *Getz v. Michaud* lawsuit. Getz asserts claims in the *Getz v. Michaud* lawsuit relating to Michaud's ownership of the premises located at 11 Waldwinkle Road ("the Premises" herein) in the Town of West Dover, County of Windham, and State of Vermont.

2.    A declaratory judgment action is appropriate because Michaud seeks insurance coverage

PIERSON WADHAMS QUINN
YATES & COFFRIN, LLP
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

Page 1 of 7

from State Farm under the Policy with respect to Getz' claims asserted in the *Getz v. Michaud* lawsuit. State Farm disputes that it has any obligation to provide insurance coverage for these claims. Michaud is currently receiving a defense by counsel retained by State Farm in connection with the *Getz v. Michaud* lawsuit. The defense is subject to a reservation of all of State Farm's and Michaud's rights, obligations and defenses, pursuant to a bi-lateral non-waiver agreement between Michaud and State Farm.

## THE PARTIES

3. State Farm is a foreign corporation with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710.

4. State Farm is an insurance company authorized to conduct insurance business and issue insurance policies in the State of Vermont.

5. Upon information and belief, Michaud is a citizen of the State of Vermont.

6. Upon information and belief, Michaud is the owner of the Premises.

7. Upon information and belief, Getz is a citizen of the State of Vermont.

## JURISDICTION AND VENUE

8. Jurisdiction is founded upon 28 U.S.C. § 1332 because there is diversity of citizenship between the parties, and because the amount in controversy is equal to or in excess of $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Michaud and Getz because they are citizens of Vermont.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) because Michaud and Getz reside in this judicial district.

PIERSON WADHAMS QUINN
YATES & COFFRIN, LLP
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

Page 2 of 7

## THE UNDERLYING ACTION

11. State Farm issued to Michaud a State Farm Homeowners Insurance Policy ("the Policy"), policy number 45-BB-K416-0, policy period April 1, 2015 to April 1, 2016. The Policy is attached as **Exhibit 1**.

12. Upon information and belief, on February 3, 2016, Getz was a roomer and/or boarder at the Premises.

13. According to the *Getz v. Michaud* Complaint, Getz fell and was injured in an accident ("the Accident" herein) on the Premises on February 3, 2016.

14. Upon information and belief Michaud was not a resident of the Premises at the time of the Accident.

15. Getz filed the Complaint against Michaud, attached as **Exhibit 2**.

16. The allegations in the *Getz v. Michaud* Complaint are that: (1) Michaud owned the Premises; (2) Michaud had a duty to keep the Premises in a reasonably safe condition; (3) Michaud breached that duty by failing to keep the entrance/sidewalk of the Premises free of ice; and (4) Getz was harmed in the Accident when he allegedly slipped on ice on the entrance/sidewalk of the Premises.

17. Michaud forwarded the *Getz v. Michaud* Complaint to State Farm and made the demand upon State Farm for State Farm to defend and indemnify Michaud for the claims asserted in the *Getz v. Michaud* Complaint.

18. State Farm agreed to defend Michaud in the *Getz v. Michaud* lawsuit under the terms of the Non-Waiver Agreement, attached as **Exhibit 3**.

PIERSON WADHAMS QUINN
YATES & COFFRIN, LLP
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

Page 3 of 7

## THE POLICY

19. The Policy reads in relevant part as follows:

**SECTION II - LIABILITY COVERAGES**

**COVERAGE L - PERSONAL LIABILITY** is replaced by the following:

> If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, we will:
>
> 1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the **occurrence** equals our limit of liability.
>
> Once a judgment is rendered against the **insured** in respect to damages for which the **insured** is legally liable in a particular instance, our limit of liability will not be valid if we continue litigation by an appeal or otherwise, unless the **insured** stipulates with us, agreeing to continue such litigation.
>
> [Page 15 of the Policy; Bolded language is as it appears in the policy]

**SECTION II - EXCLUSIONS**

1. Coverage L and Coverage M do not apply to:

   b. **bodily injury** or **property damage** arising out of business pursuits of any **insured** or the rental or holding for rental of any part of any premises by any **insured**. This exclusion does not apply:

   (1) to activities which are ordinarily incident to non-**business** pursuits;

   (2) with respect to Coverage L to the occasional or part-time **business** pursuits of an **insured** who is under 19 years of age;

   (3) to the rental or holding for rental of a residence of yours:

   (a) on an occasional basis for the exclusive use as a

PIERSON WADHAMS QUINN
YATES & COFFRIN, LLP
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

Page 4 of 7

>   residence;
>
>   (b) in part, unless intended for use as a residence by more than two roomers or boarders; or
>
>   (c) in part, as an office, school, studio or private garage;
>
>   (4) when the dwelling on the **residence premises** is a two, three or four-family dwelling and you occupy one part and rent or hold for rental the other part;

[Page 16 of the Policy; Bolded language is as it appears in the policy]

"DEFINITIONS:

10. "**residence premises**" means:

a.   the one, two, three or four-family dwelling, other structures and grounds; or

b.   that party of any other building;

where you reside and which is shown in the **Declarations**."

[Page 2 of the Policy; Bolded language as it appears in the Policy]

## DECLARATORY JUDGMENT –
## NO DUTY TO DEFEND OR INDEMNIFY UNDER THE POLICY

20.   The exclusions above preclude coverage for the claims asserted against Michaud in the *Getz v. Michaud* Complaint because: (a) Getz's alleged bodily injury arose out of Michaud's business pursuits; (b) Getz's alleged bodily injury arose out of Michaud's rental or holding for rental of any part of the Premises.

21.   The aforementioned exceptions to the exclusions do not apply because, at the time of the Accident: (a) Getz's alleged bodily injury did not arise out of activities which are ordinarily incident to non-business pursuits; and (b) Michaud was not a resident of the Premises, but even if he were, none of the exceptions to the exclusions [these being (1) through (4)] would apply.

PIERSON WADHAMS QUINN
YATES & COFFRIN, LLP
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

Page 5 of 7

## RESERVATION OF RIGHTS

22. Specific reference to any of the terms or provisions of the Policy shall not be deemed or construed as a complete listing of all policy terms, provisions, conditions and exclusions that may apply and shall not be taken as a waiver, estoppel or surrender of any other reason that may apply to a determination of coverage for Policy benefits. State Farm reserves the right to rely upon and does not waive any of the terms, provisions, conditions and exclusions of the Policy. The allegations herein shall not be taken as a waiver, estoppel or surrender of any Policy claim, right or defense by State Farm.

## CONCLUSION

WHEREFORE, State Farm requests declarations that:

A. State Farm has no duty to defend Jeffrey Michaud in the *Getz v. Michaud* lawsuit, and that State Farm may discontinue its defense.

B. State Farm has no duty to indemnify Jeffrey Michaud for any judgment rendered against him in the *Getz v. Michaud* lawsuit or any claims against Jeffrey Michaud arising out of the February 3, 2016 Accident involving Richard Getz.

C. State Farm has no obligation to Richard Getz for any judgment rendered against Jeffrey Michaud in the *Getz v. Michaud* lawsuit or any obligation to Richard Getz arising out of any claims against Jeffrey Michaud arising out of the February 3, 2016 accident involving Richard Getz.

PIERSON WADHAMS QUINN
YATES & COFFRIN, LLP
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

Page 6 of 7

Dated at Burlington, Vermont this 23rd day of April, 2019.

                PIERSON WADHAMS QUINN YATES & COFFRIN, LLP
                ATTORNEYS FOR MAIN STREET AMERICA ASSURANCE COMPANY

By: _____
     Richard H. Wadhams, Jr., Esq.
     Pierson Wadhams Quinn Yates & Coffrin, LLP
     253 South Union Street
     Burlington, VT 05401
     (802) 863-2888
     wadhams@pwqy.net

PIERSON WADHAMS QUINN
YATES & COFFRIN, LLP
253 SOUTH UNION STREET
BURLINGTON, VERMONT
05401

Page 7 of 7